Pichowicz v. Richfield, et al.      CV-92-388-M   11/21/97

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Nicholas and Joan Pichowicz, Plaintiffs,
and NH VT Health Service,
     Intervenor-Plaintiff,

     v.                                    Civil No. 92-388-M

Atlantic Richfield,
     Defendant/Counter-Claimant, and
Stephen Bronstein; James Fokas;
and Herbert Miller; Defendants/
     Cross-Claimants/Counter-Defendants


O R D E R


     Defendant Atlantic Richfield Company ("Arco") moves for partial summary judgment as to the Pichowiczes' personal injury claims.  Arco contends that the undisputed facts demonstrate that it did not cause the Pichowiczes' alleged injuries.  Arco offers its experts' opinions that the Arco gasoline station, formerly located near the Pichowicz home, was not the source of water contaminants found on their property nor were the contaminants present in sufficient levels to cause injury.  The Pichowiczes object and offer the affidavit opinions of their own expert witnesses.  The opinions of the parties' experts conflict as to the source of the water contaminants and whether the contaminants caused the Pichowiczes' injuries.

     Expert witness opinions may create a genuine dispute as to a material fact sufficient to avoid summary judgment if the opinion is not merely conclusory but instead includes "the factual basis and the process of reasoning which makes the conclusion viable." Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 93 (1st Cir. 1993);

see also Federal Rule of Civil Procedure 56(e). Dr. Talkington, a hydrogeologist and the Pichowiczes' expert witness, provides a supplemental affidavit and refers to his previously submitted affidavit[1] giving his opinions that the Pichowiczes' drinking water supply was contaminated in part by the Arco gas station. In particular, he states that well number three used by the Pichowiczes from 1971 through 1984, "based upon its depth, location to other wells, and the probable fractures in the bedrock in the area, if tested in 1989 thru 1992, as were the wells #4 & #6, the same chemicals found therein, to wit, PCE, 1, 2-DCE, and TCE would most probably have been detected therein, most likely in similar quantities." In his first affidavit, Dr. Talkington gave his opinion that the Arco gas station was one source of those contaminants based upon the location of the station, its underground gasoline storage tanks, and other facts in the affidavit. Although those opinions appear to be minimally sufficient at best, at this stage the factual dispute created by the experts' opinions precludes summary judgment.

In a reply memorandum, Arco raises issues concerning the admissibility of Dr. Talkington's affidavit opinions. See Fed. R. Civ. P. 56(e). First, Arco argues that Dr. Talkington's opinions, set out in his supplemental affidavit, must be disregarded because he previously gave contradictory testimony.

---

[1]Parties should submit all materials they expect to reference in a particular pleading rather than directing the court to search the voluminous file for previously submitted materials.

2

See Colantuoni v. Alfred Calcagni & Sons, 44 F.3d 1, 45 (1st Cir. 1994) ("When an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony has changed.")  In the deposition excerpts quoted by Arco, Dr. Talkington testified that well number three, which he now opines was contaminated by the Arco gas station, was not involved in his opinions "concerning this matter."  The "matter" is not explained and may not contradict his present opinion.  He also said that he had no water quality data pertaining to well number three, which could be interpreted to be consistent with his present opinion.

More significantly, Arco contends that Dr. Talkington's opinion is not sufficiently scientifically reliable to meet the requirements of Federal Rule of Evidence 702 as construed in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and, therefore, cannot be considered in opposition to summary judgment.  The First Circuit Court of Appeals cautions trial courts "except when defects are obvious on the face of a proffer — not to exclude debatable scientific evidence without affording the proponent of the evidence adequate opportunity to defend its admissibility."  Cortes-Irizarry v. Corporacion Insular, 111 F.3d 184, 188 (1st Cir. 1997).  The present record is inadequate to assess the scientific reliability of Dr. Talkington's opinions which, however, are not so obviously deficient as to be apparent to a lay person.  Since factual

3

disputes exist as to causation of the Pichowiczes' injuries, based on the experts' opinions, summary judgment cannot be granted on the current record.

Accordingly, the court denies Arco's motion for summary judgment (document no. 128) without prejudice to file a motion to exclude particular expert opinions with an accompanying motion for summary judgment. See, e.g., Grimes v. Hoffmann-LaRoche, Inc., 907 F. Supp. 33 (D.N.H. 1995).

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 21, 1997

cc:  Linda J. Argenti, Esq.
     Joseph G. Abromovitz, Esq.
     M. Ellen LaBrecque, Esq.
     Garry R. Lane, Esq.
     Peter S. Wright, Jr., Esq.
     Thomas H. Richards, Esq.